## EMMA E. KENT *vs.* CHRISTOPHER WHITNEY.

The price at which goods have been sold at auction is admissible as evidence of their value.

A new trial should be had upon the question of damages only, if exceptions which are sustained relate to that question only.

TORT to recover for the conversion of certain articles of household furniture, which were seized and sold upon an execution in favor of the defendant against the plaintiff's husband.

At the trial in the superior court, before *Rockwell,* J., it appeared that the articles were sold by the officer to whom the execution was committed, in the town hall in Westborough, where all the parties lived, and that the sale was fairly conducted in all respects, and was attended by from seventy-five to one hundred persons. For the purpose of showing the real value of the articles, the defendant offered to prove the price for which each article was sold; but the evidence was excluded.

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*P. E. Aldrich,* (*P. C. Bacon* with him,) for the defendant.

*F. H. Dewey,* for the plaintiff.

BIGELOW, C. J. There can be no doubt that the plaintiff is entitled to recover in the action the full value of the property which was wrongfully taken and converted by the defendant. To prove this value, evidence of the prices for which the articles sold was clearly competent. Such evidence is held to be admissible when the value of land is the question at issue. *Wyman* v. *Lexington, &c. Railroad,* 13 Met. 316, 326. And we can see no good reason why it is not equally competent as having a tendency to show the value of chattels. A sale is matter of fact, not of opinion, and is direct evidence of the real worth of the thing sold. Indeed the price for which an article is bought and sold constitutes its market value, and is ordinarily the best and most satisfactory standard by which to estimate the amount at which the same or similar articles are to be appraised in the assessment of damages. The competency of such evidence cannot be made to depend on the form or mode or particular terms of the contract of sale. These circumstances may have an essential bearing on the weight to be given to the fact of sale as affecting the price and as indicating the true value of the property, and they are proper for the consideration of the jury. But they cannot operate to exclude the evidence altogether. In many cases a sale by auction would furnish very strong if not decisive evidence of value. An auction of stocks, for example, at the public exchange in a large commercial city, affords the truest standard of the prices at which they are estimated in the

market; on the other hand, a similar sale of the same kind of property in an obscure village, attended only by a few persons might be very feeble and unsatisfactory evidence of the real value of the shares. No one can doubt that the fact of the former sale would be admissible on the question of value. Equally so would be the latter. The evidence is of the same species in both instances: the only difference between them is in the weight to which the fact is entitled. This consideration disposes of the arguments urged against the competency of the evidence which was rejected at the trial of the case at bar. It is said that the sale of the property in controversy was a forced one, under legal process, in which the necessity of disposing of the property would take away one of the essential features by which prices are fixed and regulated, inasmuch as the seller could have no voice in fixing the sum at which each article was sold. This is an argument which goes to the weight, not to the competency, of the evidence. It would apply with equal force to every sale at auction, which, when fairly conducted, whether under legal process or not, if no minimum price is fixed on the property offered, is made to the highest bidder, the seller having no option as to taking or refusing the price offered. But such sales are nevertheless ordinarily supposed to be a fair test of value, the inference being a reasonable one and according to common experience, that competition among purchasers will carry the price up to the real worth of the property offered.

No case has been cited by the counsel for the plaintiff, nor after some research have we been able to find one, which tends to sustain the ruling of the court respecting the evidence which was offered at the trial. There are authorities which go to the extent of holding that in certain cases a party cannot be allowed to recover in damages for property taken from him a sum greater than that for which it was sold at auction by the defendant. For instance, when goods have been seized and sold after bankruptcy by some person who fails to maintain title to them, if the sale was *bona fide*, it has been decided that assignees are entitled only to the amount produced by the sale, and not to the full value of the goods, for the reason that they would

themselves have been obliged to sell the property if it had been in their possession. *Whitmore* v. *Black*, 13 M. & W. 507. *Whitehouse* v. *Atkinson*, 3 C. & P. 344. In these cases we find no suggestion that a sale by auction is not evidence of the value of property. On the contrary, it is taken as the measure of the liability of the wrongdoer. In another class of cases, where it is held that a party is liable for the full value of the property tortiously taken by him, the price at which it sold at auction has been admitted as competent though not conclusive evidence of its value.

Although the evidence offered by the defendant was erroneously rejected, we are of opinion that he is not entitled to a new trial of the whole case. The evidence which the court refused to admit had no bearing whatever on the title to the property in question, or its conversion by the defendant. These questions have been settled by the verdict of the jury, under rulings to which no exception has been taken, and they ought not to be again opened. *Winn* v. *Columbian Ins. Co.* 12 Pick. 279, 288. *Robbins* v. *Townsend*, 20 Pick. 351. The evidence rejected had reference solely to the question of damages, and justice will therefore be done by entering the order,

*Exceptions sustained ; new trial as to damages only.*